UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 11-410-JBC

ISAAC SEFA,                                                                                            PLAINTIFF,

V.                          MEMORANDUM OPINION & ORDER

FAYETTE COUNTY POLICE,                                                                 DEFENDANT.

\* \* \* \* \* \* \* \* \* \* \*

This matter is before the court upon the plaintiff's construed motion to amend the complaint, R. 27.  Because the proposed amendment would be futile, the court will deny the motion.

On February 8, 2012, the court dismissed this action with prejudice, reasoning that the plaintiff had brought suit against Fayette County Police, an entity which cannot be sued.  Soon after, the plaintiff filed a "New Evidence Complaint," listing Lexington Urban County Government ("LFUCG") as the defendant in the case heading and referencing LFUCG in the document.  The court therefore construed the document as a motion to amend the complaint, R.41, and now reviews it as such.

Under Fed. R. Civ. P. 15(a)(2), unless the opposing party consents to the amendment, a party may amend its pleading only if the court grants leave to amend. "The court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2); however, in determining whether to grant a motion to amend, the court

1

should consider several factors, including futility of the amendment. *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 458-59 (6th Cir. 2001).  Here, the plaintiff's proposed amended complaint "could not withstand a Rule 12(b)(6) motion to dismiss," *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000); therefore, the proposed amended complaint is futile, and the construed motion to amend the complaint will be denied. *Martin v. Assoc. Truck Lines, Inc.*, 801 F.2d 246, 248 (6th Cir. 1986).

The plaintiff's proposed amended complaint, even taking all allegations as true and construing the document most favorably to the plaintiff, *see Riverview Health Institute LLC v. Medical Mutual of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010), fails to state a claim against LFUCG upon which relief may be granted.  First, any alleged constitutional violations under 42 U.S.C. § 1983 are time-barred under the applicable statute of limitations.  The limitations period for a claim asserted under 42 U.S.C. § 1983 is the state statute of limitations for personal injury actions, *Wilson v. Garcia*, 471 U.S. 261, 280 (1985), which in Kentucky is one year. KRS § 413.140(1)(a); *Collard v. Kentucky Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990).  The statute of limitations begins accruing "when the plaintiff knows or has reason to know of the injury which is the basis of his action.  A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005).  The alleged events on which the plaintiff bases his claims were an arrest and incarceration, which occurred on June 22, 2010.  The plaintiff filed his original

complaint on December 14, 2011, over one year from the time the statute of limitations began accruing; thus, the plaintiff's § 1983 claims are time-barred.

The plaintiff also pleads causes of action under several federal criminal statutes, including 18 U.S.C. § 227, 18 U.S.C. § 241, 18 U.S.C. § 242, 18 U.S.C. § 1203, 18 U.S.C. § 3583, 18 U.S.C. § 1512, 18 U.S.C. § 1515(a)(3), and 42 U.S.C. §14141.  None of these statutes, however, may form a basis for civil liability; see *Booth v. Henson*, 290 Fed. Appx. 919, 920-21 (6th Cir. 2008)(stating that a private citizen lacks standing to file an action under criminal statutes 18 U.S.C. § 241 and 242); *Kafele v. Frank & Woolridge Co.*, 108 Fed. Appx. 307, 308-09 (6th Cir. 2004)(stating that a "private citizen . . . has no authority to initiate a federal criminal prosecution"); *Kelly v. City of New Philadelphia*, 2011 WL 3705151 (N.D. Ohio 2011)(stating that federal criminal statutes 18 U.S.C. §§241 and 242, 18 U.S.C. §1203, and 42 U.S.C. §14141 "do not provide for a private right of action").

Additionally, the plaintiff's potential claims brought under 28 U.S.C. §§ 2201 and 2202, the Declaratory Judgment Act, would be futile because the plaintiff appears to base his claims for declaratory relief on his § 1983 claim.  "A request for declaratory relief is barred to the same extent that the claim for substantive relief on which it is based would be barred." *Int'l Assoc. of Machinists and Aerospace Workers v. Tennessee Valley Authority*, 108 F.3d 658, 668 (6th Cir. 1997).  The plaintiff's § 1983 claim is barred by the statute of limitations.

3

Also, the relief sought under the plaintiff's declaratory relief claim is $2.5 million in compensatory damages, not a declaration of rights.

Lastly, the plaintiff includes a claim under 42 U.S.C. § 1981, but he alleges no type of discrimination by the defendant in his proposed amended complaint or in his reply to the construed motion; the plaintiff merely quotes the statute. Without any reference to specific discrimination by the defendant, a proposed amendment based upon a § 1981 claim would be futile.

To the extent that the plaintiff brings claims in his proposed amended complaint on behalf of his nephew, the plaintiff lacks standing to do so. *Pestrak v. Ohio Elections Comm'n*, 926 F.2d 573, 577 (6th Cir. 1991) (stating that "generally a plaintiff must be asserting his own rights and interests and not solely those of third parties").

Accordingly,

**IT IS ORDERED** that the plaintiff's construed motion to amend the complaint, R.27, is **DENIED**. This case is dismissed with prejudice and stricken from the active docket.

Signed on July 9, 2012

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY